U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 28 2010
CHRIS R. JOHNSON, CLERK
BY
         DEPUTY CLERK

David A. Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601
870-204-6024

Dear Fayetteville Federal District Court,

My name is David Stebbins, and I am writing in regards to case #10-3041. It has recently come to my attention that I will require the testimony of an expert witness in order to prove the nature of my disability. In that case, I would like to move for you to do one of two things.

The first motion that I would be content with is for you to

3. Appoint an expert witness that is knowledgeable of Asperger Syndrome and understands the difficulties that those people endure on a daily basis to examine me and give an expert testimony in my lawsuit about what my particular case of Asperger Syndrome includes and the reasonable accommodations that an employer and/or place of public accommodation would have to provide me, and
4. Order for the defense to pay the fees of this expert witness, on the grounds that I will be ordered to reimburse these fees in the event that I loose the case. In other words, whereas, normally, the plaintiff originally pays his fees, and the defense reimburses those fees if the plaintiff looses, in this case, it's the other way around.

The reason that I ask #2 of you is because I am too broke to afford to foot the bill, upfront, for an expert witness. You should know, better than anyone else in the federal judiciary, just how broke I am, as you, yourself, approved my IFP application. Sure, I might get the fee reimbursed when I win, but I still cannot foot the bill upfront. I do not see how this would upset the concept of justice in the long run, as, as the end of it all, the looser will still end up paying the fees in the end. This merely allows the potential for the trial to be decided on its own merits and on the actual facts, rather than me loosing the case simply because I'm broke.

The second motion that I would be content with is for you to allow me to submit my medical records, documenting my Aspergers diagnosis, as admissible evidence, per the Federal Rules of Evidence, Rule 807. I believe it meets the criteria for eligibility under that rule because:

D) I see no potential opposition to the claim that it is a statement of material fact.
E) I was not able to secure the services of an expert witness for a price that both satisfied him, and that I can afford, therefore, I was unable to procure more probative evidence through reasonable efforts. While the courts have not created a bright line definition of "reasonable efforts," given the history of the courts' definition of the word "reasonable," I cannot imagine that being forced to sell many necessary assets and take out large amounts of high-interest loans (high interest because I am so high-risk that I must settle with no-credit-check loans if I am to get any kind of loans at all), to pay a doctor to come to Fayetteville and testify would be considered "reasonable efforts."
F) While I understand that this rule is largely subjective, I surely do not think that the

interests of justice would be *better* served if summary judgment was granted, simply because I am broke, rather than the actual merits or facts of the case at hand. After all, isn't that why courts tend to give relief of default judgments as often as they do? Because they like for cases to be decided on their merits, rather than on technicalities?

I am open to the possibility of a third solution that I have yet to think of. If you would like to pitch an idea to me, please feel free to do so.

Thank you,
David Stebbins

*David A. Stebbins*

David A. Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

NW ARKANSAS AR 727
19 JUN 2010 PM 2 T

Fayetteville Federal
District Court
John Paul Hammerschmidt Fed. Bldg.
35 E. Mountain St., Rm 510
Fayetteville, AR 72701

72701 $5353