U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUN 28 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

RECEIVED
WD/AR
JUN 21 2010
U.S. CLERK'S OFFICE

David A. Stebbins

1407 N Spring Rd, APT #5

Harrison, AR 72601

870-204-6024

Dear Fayetteville Federal District Court,

My name, address, and phone number are in the top right corner of this page. I would like to file a charge of discrimination against the below name and address.

University of Arkansas

Office of the Chancellor

425 Administration Building

Fayetteville, Arkansas 72701

479-575-4140

The discrimination occurred on June 15, 2010 in violation of Section 504 of the Rehabilitation Act of 1973. Specifically, they upheld their old discrimination from the month of January 2008. The defendants failed to allow me to re-enroll in the University of Arkansas as a student, despite their original reason for my suspension being illegal under Section 504 of the Rehabilitation Act.

The reason for the illegality of this discrimination is because I have Asperger Syndrome. They claimed that I created a direct threat to them, but they made no attempts, whatsoever, to accommodate my disability. Instead, they simply kicked me out without a second thought, and, on June 15, 2010, they refused to cease the discrimination.

Furthermore, the University of Arkansas infringed my first amendment rights by banning me from their campus for a period of one year, disclosing to me over the telephone (and

to a jury trial and request a bench trial.

Also, I have enclosed an application to proceed in forma pauperis. In the event that you approve this application, I would like you to have the US Marshall execute the service of process.

Furthermore, I understand that I will require an expert testimony in order to prove the nature of my disability. In that case, I would like one of two motions grated:

1. Appoint an expert witness that is knowledgeable of Asperger Syndrome and understands the difficulties that those people endure on a daily basis to examine me and give an expert testimony in my lawsuit about what my particular case of Asperger Syndrome includes and the reasonable accommodations that an employer and/or place of public accommodation would have to provide me, and
2. Order for the defense to pay the fees of this expert witness, on the grounds that I will be ordered to reimburse these fees in the event that I loose the case.

The reason that I ask #2 of you is because I am too broke to afford to foot the bill, upfront, for an expert witness. You should know, better than anyone else in the federal judiciary, just how broke I am, as you, yourself, approved my IFP application. Sure, I might get the fee reimbursed when I win, but I still cannot foot the bill upfront. I do not see how this would upset the concept of justice in the long run, as, as the end of it all, the looser will still end up paying the fees in the end. This merely allows the potential for the trial to be decided on its own merits and on the actual facts, rather than me loosing the case simply because I'm broke.

The second motion that I would be content with is for you to allow me to submit my medical records, documenting the diangosis of my Aspergers, as admissible evidence, per the Federal Rules of Evidence, Rule 807. I believe it meets the criteria for eligibility under that rule

following up with an email) that if I set foot on the campus during that time, I would be arrested on the spot. This is a violation of my first amendment rights because it was done in direct retaliation to an email that I had sent the Chancellor demanding that he override his employees (the Student Accounts Office of the University of Arkansas) and revoke my suspension on the spot.

Wherefore, I pray for the following relief:

1. An injunction to revoke my ban from the campus.
2. A preliminary injunction to revoke my ban from the campus in the interim that I am litigating this claim.
3. An injunction against the University of Arkansas to destroy any records that they have about any disciplinary actions that are illegally discriminatory, so that, officially, I never broke any of those rules in the first place, and that I merely withdrew from the University of Arkansas, myself, due to "classified reasons."
4. I have suffered the monetary damages of being forced to adhere to my original plan of attending a much more expensive, privately-owned college. Therefore, in accordance with the United States Code, Title 42, Section 2000d-7, I would like the University of Arkansas to cover the difference in overall costs (including living expenses – such as room and board - that would normally be covered at an artificially low price by the University of Arkansas) that I will incur as a result of having to attend this more expensive college.
5. I would like to recover $50,000 in emotional distress damages that I incurred as a result of their original discrimination.

Furthermore, if the University of Arkansas agrees to this, I would like to waive my right

because:

A) I see no potential opposition to the claim that it is a statement of material fact.

B) I was not able to secure the services of an expert witness for a price that both satisfied him, and that I can afford, therefore, I was unable to procure more probative evidence through reasonable efforts. While the courts have not created a bright line definition of "reasonable efforts," given the history of the courts' definition of the word "reasonable," I cannot imagine that being forced to sell many necessary assets and take out large amounts of high-interest loans (high interest because I am so high-risk that I must settle with no-credit-check loans if I am to get any kind of loans at all), to pay a doctor to come to Fayetteville and testify would be considered "reasonable efforts."

C) While I understand that this section is largely subjective, I surely do not think that the interests of justice would be *better* served if summary judgment was granted, simply because I am broke, rather than the actual merits or facts of the case at hand. After all, isn't that why courts tend to give relief of default judgments as often as they do? Because they like for cases to be decided on their merits, rather than on technicalities?

I am open to the possibility of a third solution that I have yet to think of. If you would like to pitch an idea to me, please feel free to do so.

Thank you,

Sincerely,

David Stebbins

*David A. Stebbins*