IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                          PLAINTIFF

       v.             Civil No. 10-3041

MID STATES PROMOTIONS;
and JASON JONES                                                        DEFENDANTS

O R D E R

Now on this 17th day of August, 2010, the Court takes up several pending motions in the captioned case, in which plaintiff alleges that in January, 2010, defendants violated the Americans With Disabilities Act (the "ADA") by refusing to employ him. This allegation is fleshed out by a Charge Of Discrimination in which plaintiff states that in January, 2009, Mid States Promotions discharged him from a training program to become a Professional Wrestling Manager because of a disability, in violation of the ADA.

1. The first motion under consideration is a motion to amend the Complaint "to include Title III in the lawsuit" (document #11). While there are many different laws that are referred to as "Title III," plaintiff's motion indicates that he is referring to that portion of the ADA prohibiting discrimination in a place of public accommodation.

Under **F.R.C.P. 15(a)(2),** leave to amend should be freely given "when justice so requires." The Court will, therefore, grant plaintiff leave to amend his Complaint, so as to include

this allegation.

2. The second motion (document #12) asks the Court to appoint an expert witness knowledgeable about Asperger Syndrome, or require the defense to pay for such a witness. This request is premature, as the issues have not yet been joined and there is no way to determine if an expert will even be needed. The motion is subject to denial on that account alone.

In addition, the Western District of Arkansas has no funding source to pay for expert witnesses for *pro se* civil litigants, nor is there any basis to order defendants to pay for plaintiff's expert unless and until plaintiff prevails. This motion will, therefore, be denied.

3. The third motion (document #14) asks that plaintiff be allowed to e-mail documents to the Clerk of Court, who would then file them for him. This would save him the cost of a stamp, paper, and ink to prepare and mail the documents.

This motion will be denied. It places responsibility on the Clerk that rightly falls on plaintiff, and the Court is not persuaded that the cost of a stamp, and the paper and ink for preparing a motion, are out of reach even for one in plaintiff's straitened circumstances. If a printer cartridge is unavailable, plaintiff may - as he has done several times - file a handwritten document.

4. Finally, plaintiff asks that the Court "merge" this case

with two other cases he has pending in this District.  A search of the Court's docket suggests that plaintiff has reference to cases against the University of Arkansas (Case No. 10-5125) and Full Sail University (Case No. 10-3072).

Plaintiff's case against the University of Arkansas is based on the allegation that the University of Arkansas violated § 504 of the Rehabilitation Act of 1973 (**29 U.S.C. § 794)** by refusing to allow him to re-enroll and banning him from campus for a year. His case against Full Sail University (which has been transferred to the Middle District of Florida, Orlando Division) is based on the allegation that Full Sail University discriminated against him under the ADA by hanging up on him when he called them on the telephone.

Plaintiff's request to "merge" these cases is governed by **F.R.C.P. 20(a)(2),** which provides that

> [p]ersons . . . may be joined in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . .

As can be seen from the summarized allegations of the three Complaints, they do not arise out of the same transaction or occurrence, or series of transactions or occurrences, and therefore joinder would not be proper.  This motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend

(document #11) is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of expert witness (document #12) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion to file electronically (document #14) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion to merge cases (document #15) is **denied.**

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**