U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 2 6 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

David A. Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024

Dear Fayetteville Federal District Court,

My name is David Stebbins, and I am writing in regards to a previous motion that you rejected. I requested that you merge my cases against Mid States Promotions (a sole proprietorship owned by Jason Jones), University of Arkansas, and Full Sail University, with case numbers 10-3041, 10-5125, and 10-3072, respectively.

Your reason for denying my motion for the order to merge the cases was based on the straw man assumption that the actions that lead to this injury were separate, and not sufficiently similar to justify merging the cases. I think you are confused about what actually caused the injury.

The discrimination, itself, was not what caused the injury. Rather, it was the fact that all three of these entities forced me to publicly sue them, rather than settling it between us, like they should have done. This will cause me a loss of reputation in a given community, who will hold a grudge against me for "suing my way to the top." This reputation would have, one day, been worth three hundred six million dollars over the course of my lifetime. I understand that these are "speculative" damages, but, as I understand it, speculative damages can still be recovered if they are reasonably likely to occur, which I plan on being able to prove.

Honestly, did you think that these outrageous damages were just my attempts to become rich? No, none of these damages are non-economic. They are all real, and I feel that I can justify them.

The actions that I'm suing over are, indeed, quite separate, but the lawsuits occurred at around the same time, and are quite similar (they are all discrimination lawsuits). As a result, the things that are actually causing me the $306,000,000 injury are similar enough to justify merging the cases.

Now, you might feel some apprehension about me claiming an injury that was caused, not by the actions that I'm suing over, but the lawsuit itself. Believe me, I have a unique approach that I plan on taking in order to convince the Fayetteville Judge that I deserve to recover this.

Let me put it this way: In the 2001 SCOTUS case of University of Arkansas v. Garrett (I will call it "The Garrett" decision, from here on out), the Supreme Court ruled that the Americans with Disabilities Act is not a legitimate abrogation of sovereign immunity. However, a few years later, the 8th Circuit Court of Appeals heard the case of Doe v. Nebraska. Despite the Garrett decision holding the 8th Circuit Court of Appeals to binding precedent, they reasoned that, as long as the plaintiff sues in violation of the Rehabilitation Act, rather than the Americans with Disabilities Act, then sovereign immunity is not abrogated, but voluntarily waived. Two statutes, which prohibit the exact same acts, but one of them can be used to sue the government for monetary damages, and the other cannot, and, if Garrett had used the Rehabilitation Act, instead of the Americans with Disabilities Act, he might have succeeded in his endeavor.

I say that to say this: Clearly, the *approach* that you take to a legal matter can make a world of difference. Seemingly insignificant semantics can mean the difference between summary dismissal and summary judgment. So, please, if you have any apprehensions about my application of law to fact, please give me my day in court, nonetheless, and listen to the approach that I take.

In the meantime, please reverse your decision, rule that my injuries are sufficiently similar to justify the merging of the cases. Thank you.

Sincerely,
David A Stebbins