IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                           PLAINTIFF

vs.                                    CIVIL No. 10-3041

MID STATES PROMOTIONS;
and JASON JONES                                                         DEFENDANTS

## A N S W E R

      Comes Now Defendants MID STATES PROMOTIONS and JASON JONES, by and through attorney Matt Stone of Stone Law of Mountain Home, Arkansas, and respectfully states the following as the Answer to the Second Amended Complaint of the Plaintiff, and any preceding or related complaints, if and as required:

1.    In compliant response to the September 23, 2010 Order of this honorable Court, that Defendant MID STATES PROMOTIONS is a sole proprietorship owned and operated by Defendant JASON JONES, who simply does business under that name; therefore MID STATES PROMOTIONS is not a separate corporation or business entity.

2.    That Defendants deny any and all allegations that they committed employment discrimination against the Plaintiff under the Americans with Disabilities Act at any time, including without limitation the alleged times of January, 2010, and March 2010 as set forth in the Complaint for Employment Discrimination form filed May 25

3.    That Defendants further deny any and all allegations that they committed employment discrimination against the Plaintiff under the Americans with Disabilities Act at any time, including without limitation the time of the training program which ran from June, 2008 to January, 2009 as alleged in Defendant's EEOC Charge of Discrimination

document which was received April 15, 2010 by said agency and included in service to the Defendants with the complaint package. Said EEOC file was closed due to lack of timely filing.

4. That Defendants admit that Plaintiff participated to a limited degree in Defendants' training program with the goal of being trained to be a wrestling manager. Plaintiff was not denied the opportunity to participate and try his best to succeed in the program. Plaintiff attended more than one training session but violated the terms of that program regarding attendance and confidentiality and was otherwise unable to successfully complete the program, thereby causing his separation from the program.

5. That said training program offered no guarantee whatsoever of future employment.

6. That Defendants therefore deny that they discriminated against Plaintiff by failing to employ him as they had no duty whatsoever to do so.

7. That Defendants deny that there is an ongoing violation or discrimination as there is no underlying act of discrimination or violation of the law against Plaintiff.

8. That as a sole proprietorship with no employees that totally depends on the services of independent contractors, the Defendants are not subject to the aforementioned ADA and Plaintiff's claim should therefore be dismissed.

9. That, in similar fashion as set forth in the directly preceding paragraph above, Defendants are not subject to "Title III" as construed and complained in this matter.

10. That professional wrestling is a highly skilled occupation that requires great training and ability as well as bonafide occupational qualifications such as requisite physical health and strength as well as a baseline level of intellectual ability to understand

and implement said training. This holds true not only for wrestlers, but also referees and managers who my become involved in the physical action at any time.

11.     That Plaintiff simply does not possess such bonafide occupational requirements, and no reasonable accommodation can alleviate that obstacle to performance of the occupation. For example, Plaintiff was unable to successfully participate in simple warm up activities such as doing jumping jacks because he did now know what they were or how to do them.

12.     That Defendants deny that they violated any part of "Title III" by discriminating against the Plaintiff in, about, or in any way in regards to a place of public accommodation as complained  by amendment.

13.     That Defendants note the Plaintiff's lack of specification of any such place of public accommodation for coverage under Title III, and for that reason alone that part of the complaint should be dismissed.

14.     That the style of this cause of action, should it be allowed to persist, should be change to nominate one sole Defendant as JASON JONES dba MID STATES PROMOTIONS.

15.     That when Plaintiff entered training with the Defendants, Plaintiff assumed the risk that he would not be hired.

16.     Despite numerous amendments, Plaintiff fails to allege any problem or deficiency with whatever training was provided by Defendants.

17.     That pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), Plaintiff fails to state facts upon which relief may be granted with regard to his claims under the ADA and or "Title III". Therefore, the Complaint should be dismissed.

18.     That this complaint is not timely filed under the applicable statute of limitations and should therefore be dismissed.

19     That this is a frivolous lawsuit lacking any merit whatsoever and was filed only for the improper purposes of vexation, vengeful harassment, and pursuing undue financial gain. Defendants deny any and all of the Plaintiff's allegations of wrongdoing.

WHEREFORE, for any or all of the foregoing reasons, Defendants, MID STATES PROMOTIONS and JASON JONES, respectfully request that the Complaint and the Amended Complaint and each and every other amended version thereof, be dismissed with prejudice, that the Defendants be awarded the costs incurred, and that the Court award all other relief which it deems just and proper.

Respectfully submitted,

By: /s/ Matt Stone       AR   BAR NO. 2001143
MATT STONE   Attorney for the Defendant(s)
STONE LAW
509 South Main St
Mountain Home, AR 72653
(870) 425-4177 voice
(870) -425-4186 fax
stone_esq@hotmail.com

### CERTIFICATE OF SERVICE

I certify that on this 10th day of September, 2010, I caused a copy of the foregoing Answer to be served upon Plaintiff David Stebbins via First-Class U.S. Mail, postage pat the following address:

David Stebbins
1407 N. Spring Rd.
Apt. #5
Harrison, AR 72601

/s/ Matt Stone
MATT STONE
Attorney for the Defendants