U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 0 4 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

vs.                           CIVIL No. 10-3041

JASON JONES dba MID STATES PROMOTIONS                DEFENDANTS

### RESPONSE TO MOTION

   Comes now Plaintiff David Stebbins, who respectfully states the following responses to the defendants' answer.
   In response to the first paragraph, I believed Mid States Promotions to be a sole proprietorship. However, I merely included them both as separate entities, just in case I had missed anything. This is a harmless error, and, in accordance with Fed. R Civ. P. 61, should be corrected in seemless and painless manner. I accept the remedy suggested by the Defense: Change the name of the defendant to "Jason Jones dba Mid States Promotions," and this case shall be cited as "Stebbins v. Jones."
   In response to their fourth paragraph, I disagree that I violated any attendance rules. Rather, I was in full compliance with them.
   Also in response to their fourth paragraph, the alleged confidentiality violation is the very thing that the defendant failed to reasonably accommodation. Having Aspergers, it was unclear to me what the confidentiality statement actually meant, and he should have been more clear about it. I *believed* that it merely meant that I was not allowed to disclose the nature of the training sessions, as, if I had disclosed said nature (such as, by publishing a book called "How to be a Professional Wrestler"), that would detract from his business. I, in good faith, considered the confidentiality rule to merely be a matter of protecting his economic interests through the intellectual property of "trade secret," a la the recipe for Coca-Cola soda.
   Instead, he ostracized me from his training sessions because I had voiced an unpopular opinion about one of his favorite employees, by the name of Jim Fallon. Not only does this not comply with the "trade secrets" interpretation that I, having Aspergers, assumed the policy meant, but, if I did not have Asperger Syndrome, I probably would have been able to think of a much more tactful way of voicing said opinion, without upsetting Jones, yet still getting my point across. THAT is where he failed to accommodate my disability. He should have been more clear about the confidentiality statement, so that I would be better equipped to adhere to the code of conduct at that company, and he should have been more patient with my innocent failure to comply with it. Also, since he is a place of public accommodation, I am entitled to reasonable modifications in policies. That means that employees only get accommodations so that they can adhere to the policies already in place, but  places of public accommodation must modify the policies, in their entirety, if need be.
   I hope that I have, now, been more clear in what, exactly, he has done that was illegal.
   In response to the fifth response, I admit that there was no guarnatee of employment; however, even an express lack of guarantee cannot stand up to scrutiny, if it directly conflicts with the statutes.

In response to the eighth paragraph, I disagree that Defendant only uses independent contractors in his services. Instead, I contend that these workers were actually common law employees, and that Defendants merely claims them to be independent contractors, a fact that I intend to prove either at trial, or in discovery.

In response to the ninth paragraph, I remind both Defendant and the Court that there is no size requirement in order to be bound by Title III of the Americans with Disabilities Act. I explicitly stated in my amended complaint that Section 301(7)(L) of the Americans with Disabilities Act defines a "place of public accommodation" as "a gymnasium, health spa, bowling alley, and other place of exercise or recreation." As the defendant is running a martial arts dojo, it qualifies as a place of exercise. Even if it does not qualify as a place of exercise, it still qualifies as a private school, which is a place of public accommodation, anyway.

In response to the eleventh paragraph, I have just one word: Libel. I should amend my complaint to include defamation of character in the lawsuit! I know what a jumping jack is, for god's sake! Further, need I remind both Defendant and the Court that "bona fide occupational qualification" is an affirmative defense to discrimination cases, which means that the burden of proof lies on the defendants. In other words, I don't have to prove that I do know what a jumping jack is or how to do them (even though I can easily prove that by performing some jumping jacks in court); they have to prove that I don't. Further, they must prove that no reasonable accommodation or reasonable modification in policy can possibly assist me in overcoming this disability. I do not have to prove that a reasonable accommodation *could* assist me; Defendant must prove that it can't.

Further, I can show circumstantial evidence that he is lying about my inability to perform a simple jumping jack. I can show a saved email, showing that he once told me that I was actually "getting into the groove" before I allegedly (emphasis on that last word) violated his attendance policy (despite me being in full compliance of it). He *admitted* that I was getting the hang of it! That, that right there, will show that he was either lying over email, or is lying now; either way, he is a liar and should not be taken seriously.

In response to the thirteenth paragraph, I contend that I did specify a place of public accommodation: martial arts dojo.

In response to the fifteenth paragraph, I agree that I assumed the risk that I would not be hired. However, I did not assume the risk that I would not be hired for this exact reason. That is what I am suing over.

In response to the sixteenth paragraph, I contend that the actual violation of my legal rights was failure to provide reasonable accommodations and/or modifications in policies. I contend that such information should have been implied by the reasonable person, as defined by common law, if they had read the text. This is a prime example of why "reading comprehension" is a major part of high school English class criteria, and why a GED is less valuable than a high school diploma.

In response to the seventeenth paragraph, I deny that I failed to state a claim upon which relief can be granted. I claimed that Defendant failed to provide reasonable accommodations and/or modifications in policies, and that is the claim I stated, for which relief can be granted.

Besides, if you look at the initial complaint, you will find that I used, not a word processing document, but a complaint form that I filled out. This was included in my pro se packet. This complaint form did not give me much space to add details; it was rather difficult to go into detail. Your Honor, regarding my alleged failure to state a claim upon which relief can be granted, please be realistic, rather than idealistic.

   In response to the eighteenth paragraph, I contend that the statute of limitations has no bearing, here, as the continuing violations doctrine is in place. He *repeated* the discrimination that he originally committed in January 2009; the illegality of the 2009 discrimination directly corresponds to the illegality of the 2010 discrimination.

   In response to the nineteenth paragraph, I simply disagree that this is a frivolous lawsuit. I understand that I bear the burden of proof in this case, but I intend to do just that. I have removed the frivolous damages by amending the complaint (or, at least, I sent in that motion; if the judge has not yet granted my motion to amend the complaint, that is his fault, as I received confirmation from the clerk's office that said motion has been received). Therefore, all that is left is the $50,000 in punitive damages for the initial discrimination, $50,000 in punitive damages for the retaliation, and the lost wages.

   Wherefore, I respectfully pray that you deny Defendant's motion to dismiss, and allow the litigation to proceed.

Thank you.<br>David Stebbins



David Stebbins
1407 N. Spring Rd.
APT #5
Harrison, AR 72601

U.S. District Court
35 E Mountain St.
Room 510
Fayetteville, AR 72701