U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 15 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                               PLAINTIFF

vs.                             Civ. No. 10-3041

JASON JONES, dba MID STATES PROMOTIONS                          DEFENDANTS

### BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of his motion.

### I. Facts

I hereby contend the following facts to be true.

1. On December 14, 2010, I emailed Attorney Matt Stone, who is representing the defendant, Jason Jones, in this case, and demanded cooperation in the forming of the scheduling order and discovery plan, threatening to file a motion to compel if cooperation is not voluntarily provided.

2. Later that day, Matt Stone responded, stating that he had given several counter-proposals, wrongfully stating that he was, indeed, cooperating, and called my threat to file a motion a mere bluff.

3. Still later that same day, I responded to Matt Stone's email, asking for him to type up a formal contract, that including his proposal for the discovery plan and scheduling order.

4. I have not heard from Matt Stone since then.

In compliance with Local Rule 7.2(c), to prove the above statements of fact, "Exhibit A" is hereby enclosed. Exhibit A is the email that I last sent to Matt Stone, demanding a formal 26(f) discovery plan and scheduling order, that I can actually sign and serve the court with. The previous emails sent between us are included, as well.

Conclusively, in compliance with Local Rule 7.2(g), I have attempted, in good faith, to obtain this cooperation, without court intervention, and cannot do so.

## II. Law

The following applicable law entitles me to a court order compelling cooperation, given the above facts.

1. Motions to compel cooperation are governed by Fed. R. Civ. P. 37.

2. The Local Rules makes scarce mention of this situation (e.g. there is no Local Rule 37.1).

3. The only mention of a motion to compel cooperation that appears in the Local Rules is Local Rule 7.2(g), which merely requires a statement that I have, in good faith, attempted to garner voluntary cooperation, and cannot do it without court intervention. I have made that statement, on the previous page, as well as in the actual motion.

4. Fed. R. Civ. P. 37(f) states that I am allowed to recover costs incurred for Matt Stone's failure to cooperate, forcing me to seek court intervention.

Wherefore, I respectfully pray that the court issues an order compelling cooperation in the making of a scheduling order and discovery plan, as required by Fed. R. Civ. P. 26(f), award costs incurred, as well as other relief that the court finds appropriate.

David A. Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: (870) 204 – 6024
stebbinsd@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DAVID A. STEBBINS**                                                           **PLAINTIFF**

vs.                                    Civ. No. 10-3041

**JASON JONES, dba MID STATES PROMOTIONS**                **DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of
    Plaintiff's Motion to Compel Cooperation
and
    Plaintiff's Brief in Support of Motion to Compel Cooperation
was served upon:

Matt Stone
509 S. Main St.
Mountain Home, AR 72653
(870) 425-4177
stone_esq@hotmail.com

by email transmission to stone_esq@hotmail.com, on the 31st day of December, 2010.

/s/ David A. Stebbins
David A. Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: (870) 204 – 6024
stebbinsd@yahoo.com

**From:** David Stebbins (stebbinsd@yahoo.com)
**To:** stone_esq@hotmail.com;
**Date:** Tue, December 14, 2010 1:42:51 PM
**Cc:**
**Subject:** Re: 26(f) conference

Fine.

Type up the actual 26(f) agreement that we'll submit to the court. Sign it, and send it to me. I'll print it out, sign it, scan it, and send it back to you.

Sincerely,
David Stebbins

---

**From:** M_Stone <stone_esq@hotmail.com>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** jason jones <midstatespromotions@gmail.com>
**Sent:** Tue, December 14, 2010 1:37:37 PM
**Subject:** Re: 26(f) conference

Mr. Stebbins:

Please read my submission to you again. I think you will find several counter-offers contained therein. For example, I refused your proposal to cut the time for our joint report in half and instead stood upon deference to the standard time limit under the rules, 14 days instead of your proposal for 7.
I am not holding up the case. Nevertheless, and rather to the contrary, our dialogue remains open and ongoing.

I know I have grown tired of your frivolous and ill-conceived Motions, and I suspect the Court has as well. You have reached the point of rearranging deck chairs on the Titanic. On that point, I have yet to receive electronic notice of the clarifying Motion your promised me to withdraw your improper and untimely Motions for sanctions and to compel cooperation. My calendar tells me the date is Tuesday, December 14, so I suppose you know what I must do since it appears you have not followed through with your promise, a most unwise decision on your part. I can not hold off any longer. If you have submitted the clarifying withdrawal motion, you need to email me a copy of that and state when it was submitted for filing, This is your last chance on that matter before I serve a real, true and effective Motion for Sanctions on you.

I look forward to your prompt reply.

Sincerely,

Matt Stone
Attorney at Law

**From:** David Stebbins
**Sent:** Tuesday, December 14, 2010 1:11 PM
**To:** stone_esq@hotmail.com
**Subject:** 26(f) conference

Stone,

This is David Stebbins. It has been several days, and you have not made a proposal to me, for the scheduling order and discovery plan, which we are required to confer about, according to rule 26(f). You rejected my offer, but you did not make a counter-offer in its place.

The local rules do *not* require the plaintiff to take the initiative in making this conference (the local rules of the Western District of Missouri - where I also have a case pending - require the plaintiff to take the initiative, but not in Arkansas), which means that *you* - not I - are holding up the case.

Please respond, or else I will file a motion to compel cooperation, and, this time, I won't make a mistake.

Sincerely,
David Stebbins