IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                    PLAINTIFF

          v.          Civil No. 10-3041

MID STATES PROMOTIONS;
and JASON JONES                                   DEFENDANTS

### O R D E R

Now on this 18th day of February, 2011, come on for consideration the following:

     *    plaintiff's **Motion To Compel Cooperation** (document #32);

     *    plaintiff's **Motion To Reschedule Appointment** (document #37); and

     *    plaintiff's **Motion To Compel Cooperation** (document #38), and from said motions, and the response thereto, the Court finds and orders as follows:

1.    Before addressing the foregoing motions, the Court will note the following history of this matter:

(a)  In his Complaint herein, plaintiff David Stebbins ("Stebbins") contends that the defendants, Mid States Promotions and Jason Jones, discriminated against him in violation of the Americans With Disabilities Act ("ADA"). Defendants answered, denying that Stebbins is entitled to any relief.

(b)  An Initial Scheduling Order was issued on November 9, 2010, which directed the parties to conduct their **26(f)** conference no later than December 9, 2010, and to file a joint report of that

conference within fourteen days thereafter.

(c)  Stebbins' first Motion To Compel Cooperation recites that Stebbins has attempted to contact defense counsel so as to conduct the **26(f)** conference, without success.  However, Stebbins' Motion To Revoke Previous Motion states that defense counsel did call him on December 7, 2010 -- a date after the dates on which Stebbins states he tried to contact defense counsel.

(d)  Stebbins' second Motion To Compel Cooperation recites that Stebbins has "made good faith efforts" to conduct the **26(f)** conference, but that defendants "have consistently cold-shouldered said attempts."  Stebbins seeks an order compelling defendants to cooperate in conducting the **26(f)** conference, and asks for costs incurred by their failure to do so.

(e)  The Court took the first Motion To Compel Cooperation under advisement, and directed the parties to appear at the U.S. Courthouse in Harrison at 9:00 a.m. on Monday, February 7, 2011, prepared to show cause -- if any they could -- why they should not be held in contempt for failure to comply with the Initial Scheduling Order.

(f)  Because of inclement weather and difficult travel conditions, the Court was not able to travel from Fayetteville to Harrison for court on February 7, 2011.  However, because both Stebbins and defense counsel live in Harrison, the Court directed a member of its staff to contact both Stebbins and defense counsel

by telephone and advise them that, if safely possible, they were expected to nevertheless appear at the Harrison Federal Courthouse on February 7, as scheduled, and conduct the **26(f)** conference.

(g)  The Court's staff was successful in contacting defense counsel by telephone and relaying the Court's instructions.

(h)  The Court's staff attempted to give the same instructions to Stebbins by calling the telephone number he has listed on some of his pleadings.  That number was answered, but the answering party refused to talk to the Court's staff member -- insisting that he would call back "on my land line."  There was no call back.

(i)  Defense counsel appeared at the Harrison Federal Courthouse on February 7, 2011, as instructed but Stebbins did not.

After waiting a while for plaintiff to appear, defense counsel contacted a member of the Court's staff who, after consulting with the Court, directed him to do the following:

*    wait a full hour for Stebbins to appear at the Courthouse; and

*    if Stebbins did not appear within that hour's time, to promptly file a report of the situation.

(j)  Stebbins did not appear within the hour, and the required conference did not occur -- yet no report of the situation has been filed as of the date of this Order.

-3-

(k)  Stebbins' Motion To Reschedule Appointment states that he did not receive the Court's Order (directing him to appear on February 7, 2011) until February 8, 2011, and that "[e]ven if I had received it earlier, I would not have been able to attend because I had small claims court on Feb. 7, 2011, here in Harrison."

2.  In light of the foregoing, it appears that both parties have the impression that, in the handling of this case before this U.S. District Court, they are free to conduct themselves in any way they please -- obeying the Court's orders only if they find it convenient to do so and then only in their own good time.  That impression is false and dangerous.  This Court's Orders are not "suggestions" or "appointments" or "expectations" which may be ignored or cancelled at the whim of the parties.  They are orders which are disregarded only on pain of sanctions.

3.  If inclement weather makes it impossible to reach the courthouse for a hearing, or a party has a legitimate conflict with an appearance ordered by this Court, that party is expected to advise this Court of his situation and seek relief from this Court.  This was not done, nor does it appear that Stebbins would have done so if he had been aware of the February 7, 2011, hearing.

Such conduct will not be tolerated.  Stebbins' alleged appearance at small claims court is no excuse for his failure to

-4-

appear.   Absent  an  order  from  a  superior  court  of  competent jurisdiction  staying  this  Court's  Order,  no  other  court  can  or will  be  permitted  to  require  compliance  with  its  orders  in derogation  of  this  Court's  orders,  and  the  Court  will  not  tolerate such.

Nor  does  inclement  weather  excuse  Stebbins'  failure  to appear.   As a matter of  courtesy,  the  Court  attempted  to  notify the  parties  in  advance  that  it  could  not  get  to  Harrison  for  the scheduled  hearing  on  February  7,  2011,  but  they  remained  under  an obligation  to  obey  the  Court's  Order  and  appear,  unless  excused  by the  Court.   Had  the  weather  situation  in  Harrison  been  such  that they  could  not  safely  reach  the  courthouse,  they  would  have  been obligated  to  contact  the  Court  and  seek  relief  from  the  Order directing  their  appearance.   This  was  not  done.

Moreover,  the  Court  is  skeptical  of  Stebbins'  statement  that he  did  not  receive  its  Order  to  appear  on  February  7,  2011,  until February  8,  2011.   The  Order  was  entered  on  January  27,  2011, allowing  nine  days'  mail  time  before  the  hearing  --  not  counting the  Sunday  before  the  hearing  or  the  day  of  the  hearing.   The Court  considers  it  extremely  unlikely  that  a  letter  was  not delivered  from  Fayetteville  to  Harrison  in  that  length  of  time.

The  Court  is  also  skeptical  of  Stebbins'  claimed  unawareness of  the  hearing,  since  its  staff  reached  someone  at  the  telephone number  given  by  Stebbins  who  stated  he  would  call  back,  but  yet

did not.

While the Court will not, without more, draw the conclusion that Stebbins' representations in the foregoing matters are false, it points out that litigants are expected to give regular and careful attention to the litigation in which they are involved (i.e. making sure that they check mail and other communications regularly) and to keep the Court advised of their current contact information so the Court can reach them promptly when needed.

4.    The Court will not countenance defense counsel's failure to file a report of the events of February 7, 2011.  Court staff directed him to do so "promptly."  Eleven days have elapsed without response.  Directions from the Court's staff are to be considered directions from the Court, and honored in that spirit.

5.    Should any party continue to disregard this Court's Orders, that party will be subject to the imposition of sanctions, which may include the dismissal of plaintiff's Complaint or the striking of defendants' Answer.

6.  In an attempt to place this case back on a proper track, the Court will order the following:

(a)  that the parties meet in person and conduct their **26(f)** conference and file a report of same on or before February 23, 2011;

(b)  that the parties appear before the Court in Harrison, Arkansas, at **1:30 p.m. on Wednesday, February 23, 2011,** at which

time the Court will take up all pending motions and then require
the parties to show cause -- if any they have -- why the Court
should not hold them in contempt for their failure to cooperate in
conducting a timely **26(f)** conference and filing a timely **26(f)**
report in accordance with previous Orders of this Court.

     **IT IS SO ORDERED.**

                            **/s/ Jimm Larry Hendren**
                           **JIMM LARRY HENDREN**
                           **UNITED STATES DISTRICT JUDGE**