IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                PLAINTIFF

VS.                                    3:10-cv-03041-JLH

JASON JONES      dba
MID STATES PROMTIONS                                              DEFENDANT

### RULE 26 (f) Report

COMES NOW the parties and cooperatively and respectfully state for their Reort:

1.  That the parties require more time to comply with mandatory disclosures under Fed.R.Civ.P. 26 (a).

2.  Defendant, through his legal counsel, has already attempted to engage in a dialogue with Plaintiff on more than one occasion for purposes of addressing satisfaction of mandatory disclosure. Defendant will completely produce mandatory disclosures within 14 days from the date of filing of this report. Plaintiff states he can do the same. Defendant, under the circumstances, opposes the limiting proposal from the Plaintiff due to the vague, nebulous, and disjointed nature of his complaint and pleadings and the need for Defendant to be able to adjust accordingly if and when Plaintiff's allegations solidify or particularize. Plaintiff denies his claim is as characterized by the Defendant.

    3.  Plaintiff would be interested in discovery of subjects such as medical information regarding to the alleged disability of Plaintiff as well as the source(s) of any legal information set forth in this case by Plaintiff. Defendant would also be interested in any expert testimony of any kind as well as any actuarial or economic information Plaintiff may try to use to show his alleged damages. Defendant would be

interested in any and all documentary evidence the Plaintiff may have or claims to exist. Plaintiff's complaint is so nebulous that Defendant cannot ascertain every possible topic of discovery. Plaintiff, from his proposed report, does not appear interested in any subject on which discovery may be needed.1.

In the 26(a) initial disclosures, Plaintiff will provide medical records detailing his being diagnosed with Asperger Syndrome, all email communications with the Defendant (but not the defendant's counsel) that relate to this case, and a list of all witnesses, lay witnesses and expert witnesses alike, who may possess knowledge or evidence pertinent to this case.  Plaintiff is currently unaware of any information that he would be interested in, and will instead request said information in a request for production.

4. Defendant may request Plaintiff to produce some email communications between the parties and perhaps others.

    (a) Disclosure or production should be limited to data reasonably available to the parties in the ordinary course of business.

    (b) Not believed to be applicable.

    (c) Paper printouts of emails should be acceptable, or else digital recording on CD or DVD media.1.  Also, in the event that video footage is required, it may be sent directly as an attachment to an email.  Said video files should be in any of the following formats:  wmv, avi, mpeg, mov, and flv.

    (d) Reasonable measures have been taken by Defendant to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Defendant has kept what he could and not purposefully deleted any such data.

  (e) Neither party expects other problems arising in connection with electronic or computer-based discovery.

5. Parties believe a continuance of the initial trial date is needed to allow for completion of discovery and Plaintiff respectfully proposes that discovery can be completed by September 15, 2011, and the Defendant agrees. The parties also did previously agree to conduct all written discovery by email when possible. There has actually been a great deal of communication between the parties via email dating back to before the 26(f) report was originally expected.

6. Defendant respectfully proposes that other than the timing changes proposed herein that the normal standard normal Federal Rules of Civil Procedure as well as the Local Rules will apply, except that Defendant proposes that amendments to pleadings will be allowed past the regular deadline.

7. Parties do not know of any needed protective orders that should be entered at this time.

8. Defendant does not object to mandatory disclosures except for his persisting view that this is a frivolous action brought by the Plaintiff that should be dismissed without further undue hardship to the Defendant. The Defendant will of course comply with Orders of the Court, including provision of mandatory discovery and any new scheduling directives. Plaintiff agrees to mandatory disclosure and does not anticipate objections.

9. The Parties are not and can not be ready for trial as the parties are too far behind on the normal schedule track. It seems to Defendant that the initial trial date would not have allowed for all the discovery to take place as contemplated herein. Defendant earnestly states his hope and belief that the initial trial date was a point of beginning to

ascertaining and establishing a later date to allow a full opportunity for discovery and the rest of the process that leads up to trial or resolution of the matter at bar, as it seems to be suggested in Local Rule 16.1. The Plaintiff agrees that the parties have no objection to the trial date proposed herein. The parties agree that a date at least 60 days after the end of discovery by September 15, 2011 proposed by agreement herein would be appropriate

10.   Defendant knows of no other parties to be joined and would request a period of 45 days before the newly scheduled trial date to amend pleadings and, should Defendant's expectation fail, join other parties. Plaintiff does not object.

11.   Defendant would propose the typical limit of 60 days before the new trial date for completing discovery pursuant to Local Rule 26.1. Plaintiff agrees.

12.   Defendant would propose the typical limit of 60 days before new trial date for filing motions. Plaintiff proposes a limit of 30 days after completion of discovery, but as has been stated to him before, Defendant sees no reason to vary from the standard limit as proposed by Defendant and suggested by Local Rule 26.1. Plaintiff does not object.

13.   Not applicable as there is no class certification issue nor is one expected by the parties.

14.   But for the failure to appear of the Plaintiff at the conference, the report would have been done on that day. Defendant's legal counsel traveled an hour to Harrison each way for this purpose and sat alone in an empty courtroom for over an hour until past 10 A.M. Defendant's legal counsel even looked around the building for the Plaintiff and inquired of a contract security guard Daniel Allen and USDA Rural Development office staff member Pat Keller if any one was wandering around the building. Defendant's legal counsel also prepared for the conference. Furthermore, Defendant's legal counsel also

contacted Plaintiff to attempt to resolve the outstanding concerns in advance but was rebuffed and brushed off. Plaintiff claimed to have sent several emails to Defendant's legal counsel over the past several weeks leading up to the conference, but when asked to provide copies of same for the purposes of verification and remedial communication, was unable to do so, and has not provided same to date. Plaintiff claims to have an excuse for missing the conference.

15.     Plaintiff claims to be judgment proof. He was allowed to file and prosecute this and other federal actions without cost. Since normal financial sanctions may not adequately or appropriately deter or punish Plaintiff and further not make Defendant and his legal counsel whole for the harm inflicted by the Plaintiff if Plaintiff cannot pay or cannot be ordered to pay, Defendant respectfully proposes that Plaintiff's case be dismissed, or at least that Plaintiff be ordered to pay the cost incurred by Defendant and his legal counsel from Plaintiff's failure to attend the Rule 26 Conference as Ordered before this action is allowed to proceed any further and that the case be dismissed if not paid. Whether or not sanctions and or contempt may lie, at the discretion and volition of this honorable Court, due to the actions and omissions of the Plaintiff, Defendant respectfully proposes that he is entitled to full restitution before having to defend himself further. Pursuant to the Federal and Local Rules, dismissal will be addressed and sought with separate Motion and Brief.

16.     This is the first such report ever produced by Defendant's legal counsel, and his admitted lack of experience may impede him in offering the leadership that would normally perhaps be useful in assisting with the difficulties of dealing with a pro se plaintiff such as this one who even himself admits and attempts to make an issue of his lack of tact.

17.     That under the circumstances the Defendant respectfully proposes that he does not see how this matter could be ripe to go to trial at this point in time and respectfully proposes that, if this matter is not dismissed, a continuance or resetting of the trial date to a later date is in order to allow the parties to establish and get on a reasonable schedule track to allow proper progress, to litigation, if necessary. Thee is no way the Plaintiff, who has the burden of going forward, is or could be ready, so there is no way the Defense could be ready to defend against that. The parties agree on this.

18.     Although Defendant does not find Plaintiff's cause of action to have any merit or value whatsoever, Defendant has made numerous reasonable efforts to attempt to settle the matter, but to no avail. If the honorable Court does not dismiss this case, Defendant believes it still may be able to resolve the matter by settlement if given more time to work it out. The parties have gotten close and retain potential for promptly settling the dispute based on how close negotiations have been already, although a settlement agreement has not yet been reached.

19.     Defendant started this version of the report after the February 7 conference and since then the parties has participated and cooperated. Since the Plaintiff failed to appear on said date, he has provided a purported 26(f) report that he has signed and asked Defendant's legal counsel to sign. Since that document did not appear to comply with the Local Rule 26.1 Outline, which Defendant has gone through great lengths to try to satisfy, Defendant could not sign off on that version. Local Rule 26.1 states that the report must contain the parties' views and proposals regarding a list of 13 things. Parties have traded versions several times and revised cooperatively to arrive at this report, which is being filed electronically by Defendant on behalf of both parties. Regardless of their differences,

the parties agree that it would be best to arrive before the Court with the Rule 26(f0 report complete, and have strived to achieve that end in the hopes of pleasing the Court and purging and avoiding charges of contempt.

## SUMMATION

However, and none the less, in summation, since, contrary to Plaintiff' Motions to Compel, there has in fact been significant ongoing cooperative dialogue on the matters, it appears that the parties agree on completing discovery by September 15, 2011, and a trial date being set for some 60 days after that. The parties agree that mandatory disclosures under Fed.R.Civ.P. 26(a) will be made two weeks after filing of this report, and other agreements are noted above herein.

Respectfully submitted,

JASON JONES dba MID STATES PROMOTIONS
DEFENDANT

By:   /s/ Matt Stone_____
Matt Stone        AR BAR NO. 2001143
509 South Main
Mountain Home, AR 72653
(870) 425-4177 voice
(870) 425-4186 fax
stone_esq@hotmail.com

AND      DAVID STEBBINS
PLAINTIFF

By:   /s/ David_Stebbins_____
1407 N. Spring Rd. Apt. 5
Harrison, AR 72601
870-204-6024

CERTIFICATE OF SERVICE

       I hereby certify that a true and accurate copy of the above foregoing was served on the Plaintiff for his approval before filing on this the 21st day of February, 2011, via placement in U.S. Mail with first class postage prepaid to:

Mr. David Stebbins
1407 N. Spring Rd
Apt. # 5
Harrison, Arkansas  72601


/s/ Matt Stone
Matt Stone
Attorney for the Defendant